IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. MILLER, Jr., | ) |
|         Petitioner, | ) |
| vs. | ) Case No. 25-cv-523-SMY |
| JOHN BARWICK, | ) |
|         Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

    Petitioner James Miller, Jr. was convicted of two counts of murder and one count of armed robbery in Madison County, Illinois in 2007. He has a pending *habeas* action in state court. *People of the State of Illinois v. James Miller*, 03-CF-1363 (Madison County, Illinois). This case is now before the Court for a preliminary review of the Petition herein pursuant to Rule 4 of the Rules Governing §2254 Cases in United States District Courts. Pursuant to Rule 4, upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

    Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. §2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily, this includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. §2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Additionally, under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), absent special circumstances, this

Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92, which are not presented here.

The Illinois appellate court reversed and remanded Petitioner's most recent post-conviction relief request. *People v. Miller*, 2023 Il App (5th) 210094-U (2023). Because the state case is clearly pending, and the Court finds no special circumstances warranting federal interference in that case, Miller cannot challenge his conviction via a §2254 petition at this time.

### DISPOSITION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice** to the claims being refiled, if necessary, after Petitioner has fully exhausted his claims in the state court. The motion "for the USDC/SDIL to Take Jurisdiction over Petitioner's Post Conviction Petition" (Doc. 2) is **DENIED**. The motion to compel Pinckneyville Correctional Center to pay the $5.00 Filing Fee (Doc. 8) is **TERMINATED AS MOOT**. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated: June 13, 2025

**STACI M. YANDLE**
**United States District Judge**